

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 5, 1971

Hon. David R. White
County Attorney
120 East North St.
Uvalde, Texas   78801

Dear Sir:

Opinion No. M-990

Re: Liability of a County
for acts of Reserve
Deputy Sheriffs and
related questions.

You have requested the opinion of this office concerning possible liabilities which may arise in connection with the appointment of reserve deputies under the provisions of Senate Bill 43, 62nd Legislature, Regular Session 1971, codified as Article 6869.1 Vernon's Annotated Civil Statutes. All references will be to the sheriff, deputy sheriff and reserve deputy sheriffs, but will be likewise applicable to constables, deputy constables and reserve deputy constables.

Your questions, restated, are as follows:

(1) What liability, if any, accrues to the county for acts committed by reserve deputy sheriffs in line of duty for the injuries to the person or property of others?

(2) What liability, if any, accrues to the county for acts committed by reserve deputy sheriffs in line of duty for injuries to their own person or property?

(3) What liability, if any, accrues to the sheriff for the acts of reserve deputy sheriffs while acting in the line of duty for injuries to the person or property of others?

(4) What liability, if any, accrues to the sheriff for the acts of reserve deputy sheriffs while acting in the line of duty for injuries to their own person or property?

(5) If the county chooses to provide workmen's compensation for its employees generally, must reserve deputy sheriffs be included in the workmen's compensation coverage?

-4832-

The pertinent portion of Senate Bill 43, reads as follows:

"Section 1.   (a)  The Commissioners Court of any
county in the State may authorize the sheriff of the
county to appoint reserve deputy sheriffs, or any
constable of the county to appoint reserve deputy
constables, who shall be subject to serve as peace
officers during the actual discharge of their of-
ficial duties upon call of the sheriff, in the case
of deputy sheriffs, or of the constable, in the
case of deputy constables.
     (b)  The Commissioners Court may limit the
number of reserve deputy sheriffs or reserve
deputy constables who may be appointed.
     (c)  Such reserve deputy sheriffs shall serve
at the discretion of the sheriff and may be called
into service at any time the sheriff considers it
necessary to have additional officers to preserve
the peace and enforce the law; and such reserve
deputy constables shall serve at the discretion of
the constable and may be called into service at any
time the constable considers it necessary to have
additional officers to preserve the peace and enforce
the law.
     (d)  Such reserve deputy sheriffs and deputy
constables shall serve without pay but the Commis-
sioners Court may provide compensation for the
purchase of uniforms and/or equipment used by
such individuals.
     (e)  Such reserve deputy sheriffs and deputy
constables, prior to their entry upon duty and
simultaneously with their appointments, shall file
an oath and bond in the amount of Two Thousand
Dollars ($2,000), payable to the sheriff, in the
case of reserve deputy sheriffs, and payable to the
constable, in the case of reserve deputy constables,
and filed with the county clerk of the county in
which said appointment is made.
     (f)  Such reserve deputy sheriffs, while on
active duty at the call of the sheriff and while
actively engaged in their assigned duties; and
reserve deputy constables, while on active duty
at the call of the constable and while actively
engaged in their assigned duties, shall be vested
with the same rights, privileges, obligations and
duties of any other peace officer of the State of
Texas.

Section 2.  The county and/or the sheriff or
constable shall not incur any liability by reason
of the appointment of any such reserve deputy
sheriff or deputy constable who incurs any personal
injury while serving in such capacity."

Article 6870, Vernon's Annotated Civil Statutes, provides
as follows:

"Sheriffs shall be responsible for the official
acts of their deputies, and they shall have power
to require from their deputies bond and security;
and they shall have the same remedies against their
deputies and sureties as any person can have against
a sheriff and his sureties."

Since reserve deputy sheriffs are vested with the same
rights, privileges, obligations and duties as regular peace
officers, it is the opinion of this office that the liability
of the county with regard to any damage done to the person or
property of others while such reserve deputies are on active
duty would be governed by the same rules as cover the acts of
regularly employed deputies.

Since the county is specifically exempt from incurring
any liability by reason of the appointment of a reserve deputy,
it is the opinion of this office that the county is not liable
for any injury to the person or property of a reserve deputy.

Since reserve deputy sheriffs are vested with the same
rights, privileges, obligations and duties as other peace
officers (while on active duty) and since sheriffs are respon-
sible for the official acts of their deputies, it is the opinion
of this office that the liability of a sheriff for damage to
the person or property of others committed by a reserve deputy
sheriff is the same as the sheriff's liability for damage to
the person or property of others caused by regularly employed
deputy sheriffs.

Since the sheriff is specifically exempted from liability
for personal injury incurred by a reserve deputy sheriff, it
is the opinion of this office that the sheriff cannot be called
accountable for injuries or damage to the person or property of
a reserve deputy sheriff.

With regard to your inquiry on the subject of workmen's
compensation, it is the opinion of this office that in view

of Section 2 of S. B. 43, above quoted, reserve deputies
need not be included in a workmen's compensation plan adopted
by the County.

## S U M M A R Y

    Counties are not liable for any injury to
a reserve deputy sheriff or constable. Sheriffs
and constables are not liable for any injury to
a reserve deputy sheriff or constable. Counties
are responsible to damage inflicted by reserve
deputy sheriffs or constables only to the extent
which they might be liable for such damage in-
curred by regular deputy sheriffs or constables.
Sheriffs or constables are liable for damage
inflicted by reserve deputy sheriffs or constables
in the same manner and to the same extent as they
are liable for damage inflicted by regular deputy
sheriffs or constables. Reserve deputy sheriffs
or constables need not be included in a county
adopted workmen's compensation plan.

Respectfully submitted,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Howard M. Fender
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Malcolm Quick
Bob Lattimore
Dunklin Sullivan
Lonny Zwiener

SAM MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant